IN THE CIRCUIT COURT OF THE 13TH
JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 04-04872

LINDA VAUGHN, as Personal Representative
of the Estate of THOMAS FERGUSON,
deceased

        Plaintiff(s),

DIVISION Z

David M. Lipman: 280054

vs.

BORG WARNER CORPORATION,
an Illinois Corporation;

DAIMLERCHRYSLER CORPORATION
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  53201

DANA CORPORATION
d/b/a DANA RACINE CORPORATION
f/k/a SPICE MANUFACTURING CORP.
(successor and/or parent of Victor
Manufacturing and Gasket Company;
successor and/or parent of Smith &
Kanzler Corporation)
A Virginia Corporation

DANAHER CORPORATION, individually
and through its subsidiaries DH HOLDING
and Hennessy Industries, a
Delaware Corporation

DETROIT DIESEL CORPORATION,
a Delaware Corporation;

FORD MOTOR COMPANY
C.T. Corporations Systems
8751 W. Broward Boulevard
Plantation, Florida 33324

FREIGHTLINER OF TAMPA, LLC,
a Florida Corporation

GENERAL MOTORS CORPORATION
a Delaware Corporation

HONEYWELL INTERNATIONAL, INC.
f/k/a ALLIED-SIGNAL, INC.,
as successor-in-interest
to ALLIED CORPORATION, as
successor-in-interest to
THE BENDIX CORPORATION,
a Delaware Corporation;

KENWORTH TRUCKS
a Washington Corporation;

KELSEY HAYES
a Delaware Corporation;

LIPE-ROLLWAY CORP.
208 S. Geddic St.
Syracuse, New York.

MACK TRUCKS, INC.
a Pennsylvania corporation

MAREMONT CORPORATION
through its Registered Agent
C.T. Corporation System
1200 South Pine Island Road
Plantation, FL  33324

NAVISTAR INTERNATIONAL TRANSPORTATION CORP.,
f/k/a INTERNATIONAL HARVESTER COMPANY
a Delaware Corporation

PACCAR, INC., individually
and through its division,
PETERBILT MOTORS CO.,
a Texas Corporation;

PNEUMO ABEX CORPORATION, individually and
as successor in interest to ABEX CORPORATION
c/o The Prentice Hall Corporation System
500 Central Avenue, Albany, NY 12206

        Defendants.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1.    This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00).

2.    Plaintiff LINDA VAUGHN is a citizen of the State of Florida and the United States of America. THOMAS FERGUSON had been diagnosed as having an asbestos-related disease or injury. On September 27, 2004, THOMAS FERGUSON died. Plaintiff LINDA VAUGHN is the duly appointed Personal Representative of the Estate of THOMAS FERGUSON.

3.    Defendants are as follows:

Defendant BORG WARNER CORPORATION is an Illinois Corporation with its principal place of business in Illinois; Defendant DAIMLERCHRYSLER CORPORATION is a Delaware Corporation with its principal place of business in Michigan; Defendant DANA CORPORATION d/b/a DANA RACINE CORPORATION f/k/a SPICE MANUFACTURING CORP. (successor and/or parent of Victor Manufacturing and Gasket Company; successor and/or parent of Smith & Kanzler Corporation) is a Virginia Corporation with its principal place of business in Ohio; DANAHER CORPORATION, individually and through its subsidiaries DH HOLDING and Hennessy Industries, a Delaware Corporation with its principal place of business in Delaware; DETROIT DIESEL CORPORATION is a Delaware Corporation with its principal

place of business in Michigan; FORD MOTOR COMPANY is a Delaware corporation with its

principal place of business in Michigan; FREIGHTLINER OF TAMPA, LLC, is a Florida

Corporation with its principal place of business in Florida; Defendant GENERAL MOTORS

CORPORATION is a Delaware corporation with its principal place of business in Michigan;

Defendant HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED-SIGNAL, INC., as

successor-in-interest to THE BENDIX CORPORATION is a Delaware Corporation with its

principal place of business in New Jersey; KENWORTH TRUCKS

is a Washington Corporation with its principal place of business in Washington; KELSEY

HAYES is a Delaware Corporation with its principal place of business in Michigan; LIPE-

ROLLWAY CORP. is a New York Corporation with its principal place of business in New

York; Defendant MACK TRUCKS, INC. is a Pennsylvania corporation with its principal place

of business in Pennsylvania; Defendant MAREMONT CORPORATION is a Delaware

Corporation with its principal place of business in Illinois; Defendant NAVISTAR

INTERNATIONAL TRANSPORTATION CORP., f/k/a INTERNATIONAL HARVESTER

COMPANY, is a Delaware corporation with its principal place of business in New York.;

PACCAR, INC., individually and through its division, PETERBILT MOTORS CO., is a Texas

Corporation with its principal place of business in Texas; Defendant PNEUMO ABEX

CORPORATION, individually and as successor in interest to ABEX CORPORATION, is a

Delaware Corporation with its principal place of business in Illinois.

    4.    The Defendants identified in the caption of this Complaint are foreign

corporations who are amenable to jurisdiction in the Courts of Florida because they now conduct

or have conducted business or business ventures, or have had office or agencies within Florida,

which subjects them to the jurisdiction within Florida. The alleged causes of action arises out of,

or are incidental to, the business or business ventures conducted within Florida by each of the

Defendants. Each foreign corporation has through brokers, jobbers, wholesalers, or distributors

sold, consigned, or leased tangible or intangible personal property to persons in this state. Each

foreign corporation has committed wrongful acts either outside or inside this state causing injury

to Decedent THOMAS FERGUSON. Each foreign corporation derives substantial revenue from

interstate or international commerce and should reasonably have expected their acts to have

consequences in this state or any other state. Each foreign corporation has conducted substantial

and not isolated activity within Florida. Each foreign corporation mines or mined, manufactures

or manufactured, processes or processed, imports or imported, converts or converted, compounds

or compounded, and/or retains or retained substantial amounts of asbestos and asbestos related

materials which are or were sold, distributed and used in Florida.

     5.     Plaintiff alleges that the Defendants have, at all times material to this cause of

action, and through and including the present, maintained sufficient contact with the State of

Florida and/or transacted substantial revenue-producing business in the State of Florida to subject

them to the jurisdiction of this Court pursuant to Florida statute 48.181 and/or 48.182 and/or

48.193 and/or 47.16.

### BACKGROUND

     6.     Throughout his working career, Decedent THOMAS FERGUSON worked with

and was exposed to asbestos-containing products mined, manufactured and/or distributed by the

Defendants, and/or their predecessors.

     7.     Decedent used these asbestos products in the intended manner and without

significant change in their condition and relied on the Defendant manufacturers' instructions as to

proper methods of handling the products, being unaware of the dangerous properties of asbestos.

8.      Decedent's exposure to Defendants' asbestos products and inhalation of the products' asbestos fibers caused him to contract an asbestos-related disease or injury.

## COUNT I - NEGLIGENCE

## CLAIMS FOR RELIEF

9.      The allegations contained in paragraphs 1 through 8 are realleged herein.

10.     At all times material to Decedent's exposure to their asbestos products, the Defendants knew, or in the exercise of ordinary care should have known, that the use of their products was hazardous to the health of workers such as the Decedent. Decedent relied upon the skill and knowledge of the Defendant manufacturers and their duty to advise users of the proper methods of handling their products.

11.     At all times relevant, Defendants had a duty to adequately warn Decedent. The Defendants were negligent in one, some, and/or all of the following respects:

        a.      in failing to adequately warn Decedent that use and exposure to asbestos products could cause injuries including, but not limited to, asbestosis, mesothelioma and other forms of cancer;

        b.      in failing to provide Decedent with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if, in truth, there were any, to protect him from being harmed and disabled by exposure to asbestos;

        c.      in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing asbestos materials;

        d.      in affirmatively misrepresenting to Decedent and other members of the

public by advertising, labels and otherwise, that the asbestos products manufactured, sold, and/or distributed were safe in their ordinary and foreseeable use, which induced Decedent to unknowingly expose himself to the hazards of developing injuries including, but not limited to, asbestosis, mesothelioma and other forms of cancer;

      e.     in failing to remove and recall all of the asbestos products from the stream of commerce and the marketplace upon ascertaining that asbestos products would cause various asbestos-related diseases; and

      f.     in failing to continually warn or advise Decedent and others to cease all future exposure to asbestos fumes, smoke, dust, and fibers, and to keep away from the home environment asbestos dust and fibers on work clothes and tools.

12.    The Defendants' asbestos-containing products to which Decedent was exposed were used in the manner in which they were intended to be used; however, they failed to safely perform their purposes in that they caused Decedent to develop an asbestos-related disease or injury.

13.    Decedent's illness, which resulted in his death, was a direct and proximate result of the negligent, grossly negligent, reckless, willful, and intentional conduct of the Defendants as set forth, and Decedent suffered damages as more fully described hereafter.

WHEREFORE, LINDA VAUGHN, as Personal Representative of the Estate of THOMAS FERGUSON, demands compensatory damages, punitive damages, and trial by jury of all issues so triable in this case.

## COUNT II - STRICT LIABILITY

14.    The allegations contained in paragraphs 1 through 8 are realleged herein.

15.    The Defendants' asbestos products contained design defects at the time they were

manufactured and at the time Decedent was exposed to them in his occupation.

16.    At the time of Decedent's exposure, the Defendants' asbestos products were being used in the manner and environment intended and without substantial change affecting their condition, but they contained design defects which made them unreasonably dangerous and unfit for their intended use, in that the products were designed to contain asbestos, a substance hazardous, poisonous and harmful to the Decedent's body.

17.    a.    At the time of Decedent's exposure, Defendants' asbestos product was unreasonably dangerous because of its design, as the product failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by the Defendants.

       b.    At the time of Decedent's exposure, Defendants' asbestos product was unreasonably dangerous because of its design, as the risk of danger in the design outweighed the benefits obtained with the use of the product.

18.    At the time of Decedent's exposure, the Defendants' asbestos products were defective in that they did not contain a sufficient warning to advise Decedent that the asbestos-containing products were extremely harmful to his health.

19.    The lack of a sufficient warning on Defendants' asbestos products rendered them unreasonably dangerous and unfit for their intended use.

20.    Decedent's illness, which resulted in his death, was a direct and proximate result of the products' defects and Decedent has suffered damages as more fully described hereafter.

       WHEREFORE, LINDA VAUGHN, as Personal Representative of the Estate of THOMAS FERGUSON, demands compensatory damages, punitive damages, and trial by jury of all issues so triable in this case.

## COUNT III - SURVIVAL ACTION (NEGLIGENCE)

21.    The allegations contained in paragraphs 1 through 8 are realleged herein.

22.    As a direct and proximate result of the negligence, strict liability and willful misconduct of the Defendants as described herein, Plaintiff's decedent developed an asbestos-related disease.  As a result, he suffered physical and mental pain and suffering, became disabled from working, suffered physical handicap and incurred medical expenses in the treatment of his illness.  Plaintiff's decedent's asbestos-related illness was aggravated or activated by and through continued exposures to the Defendants' asbestos and asbestos-containing products.

23.    As a further direct and proximate result, all legal beneficiaries of the estate have been and will continue to be deprived of the comfort, society, service, and attentions of the decedent.

WHEREFORE, LINDA VAUGHN, as Personal Representative of the Estate of THOMAS FERGUSON, demands judgment against the defendants for compensatory damages in an amount in excess of $15,000.00 and for punitive damages and demands trial by jury.

## COUNT IV - SURVIVAL ACTION (STRICT LIABILITY)

24.    The allegations contained in paragraphs 1 through 8, 15 through 20, and 22 through 23 are realleged herein.

WHEREFORE, LINDA VAUGHN, as Personal Representative of the Estate of THOMAS FERGUSON, demands judgment against the defendants for compensatory damages in an amount in excess of $15,000.00 and for punitive damages and demands trial by jury.

## DAMAGES

25.    As a direct and proximate result of the negligence, strict liability and willful

misconduct of the Defendant as described herein, Decedent contracted an asbestos-related disease or injury, causing his death.

26.    Each exposure to the asbestos-containing products of the Defendants was harmful and caused or contributed to Decedent's death. Decedent's death arose out of, was connected and incidental to, the manufacture, sale and distribution by the Defendants of their asbestos-containing products.

27.    As a direct and proximate result of the aforesaid, Decedent, during his lifetime, was obliged to spend various sums of money to treat his diseases and injuries; and the legal beneficiaries of the Estate of Decedent, have been and will continue to suffer damages, including, but not limited to:

    a.    loss of past and future support and services;

    b.    loss of companionship and protection;

    c.    mental pain and suffering;

    d.    medical and funeral expenses;

    e.    loss of past earnings and prospective net accumulations of the estate;

    f.    medical and funeral expenses that have become a charge against the estate;

    g.    all other damages and relief that may be just and proper.

28.    For the reckless, willful, intentional, grossly negligent, and wanton acts and omissions of the Defendants previously alleged, Plaintiff is entitled to recover exemplary and punitive damages from said Defendants.

WHEREFORE, Plaintiff demands trial by jury of all issues so triable by right, and prays for judgment against Defendants on all of the aforementioned counts for compensatory damages and for punitive damages for the costs expended herein, for interest on said judgment from the

date entered until paid at the legal rate, and for such other and further relief both at law and in

equity, to which Plaintiff may show herself justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

DAVID M. LIPMAN

DAVID M. LIPMAN, P.A.
5901 S.W. 74 Street
Suite 304
Miami, Florida 33143-5186
(305) 662-2600

ATTORNEYS FOR PLAINTIFF

DATED: September 29, 2004