UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CASE NO. 8:05-CV-00252-SCB-MAP**

LINDA VAUGHN, as Personal Representative
of the Estate of THOMAS FERGUSON

    Plaintiff,

v.

BILL CURRIE FORD, INC., BORG WARNER
CORP, CATERPILLAR, INC., et al

    Defendants.
_____/

**DEFENDANT, FREIGHTLINER OF TAMPA, LLC'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AS AMENDED BY THE JANUARY 31, 2005 HILLSBOROUGH COUNTY, FLORIDA ORDER ON DEFENDANTS' MOTIONS TO STRIKE**

    Defendant, Freightliner of Tampa, LLC ("Freightliner"), by and through undersigned counsel herein files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint as amended by the January 31, 2005 Hillsborough County, Florida Order on Defendants' Motions to Strike and states as follows:

    1.    Pursuant to Fed. R. Civ. P. 8(b), Freightliner denies generally each and every allegation of matter, fact and thing contained in the Amended Complaint, and the whole thereof, save and except as is hereinafter admitted, qualified or otherwise stated.

2. Defendant admits that it is a corporation organized and existing under the laws of the State of Delaware, and that it has its principal place of business in the State of Michigan.

3. Defendant admits that it is licensed to do business in this state.

4. Freightliner specifically denies that it mined, manufactured, and/or distributed any products containing asbestos that are causally related to Plaintiff's injuries and denies it otherwise caused or contributed to Plaintiff's alleged injuries.

5. Freightliner lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations against other Defendants.

6. Freightliner lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations as to his residency or work history.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Amended Complaint, and each count contained therein, fails to state a cause of action.

### SECOND AFFIRMATIVE DEFENSE

2. This Court lacks in personam jurisdiction over Freightliner. In particular, there is no showing of any connection between Plaintiff's alleged injury and Freightliner's activities in the State of Florida.

### THIRD AFFIRMATIVE DEFENSE

3. This action is barred by the statute of limitations in Florida or the applicable statute of limitations of any state where the Plaintiff lived and/or worked.

## FOURTH AFFIRMATIVE DEFENSE

4.  This action is barred by the applicable statute of repose of Florida or the applicable statute of repose of any state where the Plaintiff lived and/or worked.

## FIFTH AFFIRMATIVE DEFENSE

5.  Freightliner pleads that it is immune from civil liability of any form or nature in this matter under Florida Workers' Compensation Act, the Longshoremen's and Harbor Workers' Compensation Act, and the workers' compensation law of any other state where the Plaintiff may have worked if Plaintiff was an employee of Defendant during the period of alleged exposure. The said workers' compensation law provides workers' compensation benefits for the disability of an employer if such resulted from injury or occupational disease incurred or sustained in the course of employment as an exclusive remedy.

## SIXTH AFFIRMATIVE DEFENSE

6.  This action is barred in whole or in part by the doctrine of comparative negligence.

## SEVENTH AFFIRMATIVE DEFENSE

7.  Contact with or use by the Plaintiff of any asbestos-containing products supplied, sold or manufactured by Freightliner was not a substantial contributing cause of Plaintiff's alleged injuries.

## EIGHTH AFFIRMATIVE DEFENSE

8.  This action is barred in whole or in part by the doctrine of shifting responsibility.

NINTH AFFIRMATIVE DEFENSE

9. This action cannot be maintained on the basis of substantive or jurisdictional statutes or legal theories which did not exist as of the dates on which the Plaintiff used or was exposed to Freightliner's products, in that such statutes are inapplicable to this action, and in that the application of such legal theories to this action would be unconstitutionally retroactive.

TENTH AFFIRMATIVE DEFENSE

10. At all times relevant hereto, Freightliner was in full compliance with the standards and/or specifications issued by the United States Government with respect to asbestos-containing products. These standards and/or specifications required the use of asbestos. Therefore, this action is barred in whole or in part because Freightliner, in supplying any products to which Plaintiff allegedly was exposed, relied upon the specifications of the United States Government or other governmental entities regarding the composition of said products.

ELEVENTH AFFIRMATIVE DEFENSE

11. This action is barred in whole or in part because Freightliner reasonably relied upon the care and skill of Plaintiff's employers or Plaintiff's labor unions, and/or other learned intermediaries.

TWELFTH AFFIRMATIVE DEFENSE

12. This action is barred in whole or in part because Freightliner reasonably relied upon the state of the medical and scientific art at the time its products were produced. As such, Freightliner had no reason to know the potentially

dangerous effect of prolonged exposure to asbestos, and therefore had no duty to warn.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff's Amended Complaint fails to state a cause of action against Freightliner as succeeding to the debts and liabilities of any other manufacturer of asbestos-containing products.  Similarly, Plaintiff's Amended Complaint fails to state a cause of action for punitive damages arising from the activities of any predecessor corporation.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     Freightliner is not a joint tortfeasor with any other Defendant herein, and accordingly Freightliner may not be jointly and severally liable with other Defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     To the extent that various Defendants have concluded, or any conclude, settlements with the Plaintiff, Freightliner is entitled to a setoff for any amount paid or to be paid.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     This action fails to name as a Defendant a potentially indispensable party to the litigation, to wit- that collection of companies known as the "Manville Group."

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Freightliner incorporates by reference all defenses raised by any other

Defendant in this case.

EIGHTEENTH AFFIRMATIVE DEFENSE

18. The Plaintiff's alleged injuries and/or damages were caused by third persons and/or entities over whom Freightliner had no control. Accordingly, Freightliner demands that such third persons and/or entities be listed on the verdict form so that the jury can apportion fault for Plaintiff's alleged injuries. In particular, the jury should consider:

1. Any and all non Freightliner employers of the Plaintiff;
2. A.P. Green Refractories;
3. A.W. Chesterton Company;
4. Allied Signal, Inc.;
5. Alstom Power, Inc.;
6. American Honda Motor Company, Inc.;
7. American Optical Corporation;
8. American Optical Corp.;
9. American Standard, Inc.;
10. Armstrong World Industries, Inc.;
11. Arvinmeritor, Inc.;
12. Asbestos Claims Management Corporation;
13. Asten, Inc.;
14. Babcock & Wilcox;
15. Bennett Auto Supply;

16. Borg Warner Corporation;

17. Borg-Warner, Inc.;

18. Bridgestone/Firestone North American Tire, LLC as successor by merger to Bridgestone/Firestone, Inc., as successor in interest to Worldbestos.;

19. Briggs Stratton Corp.;

20. CBS Corporation;

21. C.E. Thurston & Son, Inc.;

22. Carlisle Companies, Inc.;

23. Caterpillar, Inc.;

24. Capco Pipe Company;

25. Carlisle Companies, Inc., through its subsidiaries Motion Control Industries, Inc;

26. Certainteed Corporation f/k/a Certainteed Products Corporation, individually and as successor in interest to Bestwell Gypsum Company;

27. Cleaver Brooks Company;

28. Congoleum Corporation;

29. Cooper Industries, Inc.;

30. Crown, Cork & Seal Company;

31. Cummins, Inc.;

32. Dana Corporation d/b/a Dana Racine Corporation f/k/a Spice Manufacturing Corp;

33. Danaher Corporation, individually, and through its subsidiaries DH Holding and Hennessy Industries;

34. Dowman Products, Inc.;

35. Deere & Co., Inc.;

36. Deere & Company;

37. Dresser, Inc., through its division/business unit Waukesha Engine;

38. Durabla Manufacturing Company;

39. Eagle Pitcher Industries;

40. Ferro Corporation;

41. Foseco, Inc.;

42. Flexitallic, Inc.;

43. Flinkote Company;

44. Flinkote Corporation;

45. Ford Motor Company;

46. Foster Wheeler Energy Corporation;

47. Garlock Sealing Technologies, LLC f/k/a Garlock, Inc. f/k/a Garlock Parking Co.;

48. GAF Corporation;

49. General Electric Company;

50. General Motors Corporation;

51. General Refractories Company;

52. Georgia-Pacific Corporation f/k/a Georgia hardwood Lumber Co. f/k/a Georgia-Pacific Plywood and Lumber Co. f/k/a Georgia-Pacific Plywood Co., individually and as successor in interest and/or parent of Bestwall Gypsum Company;

53. Goodyear Tire and Rubber Company;

54. Gould Pumps, Inc.;

55. Guard-Line, Inc.;

56. H.B. Fuller Company;

57. Harbison-Walker Refractories Company;

58. Honeywell International, Inc. f/k/a Allied Signal, Inc., individually and as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation;

59. Independent Parts Warehouse, Inc.;

60. Industrial Holdings Corporation f/k/a The Carborundum Company;

61. Ingersoll-Ran Company;

62. IMO Industries, Inc.;

63. John Crane, Inc.;

64. Johns Manville;

65. Johns-Manville Corporation;

66. KCG, Inc.;

67. Kaiser Aluminum;

68. Keene Corporation;

69. Kelly-Moore Paint, Co.;

70. Kelsey-Hayes;

71. Kohler, Inc.;

72. Lipe Rollway;

73. M&H Automotive, Inc.;

74. Mack Trucks, Inc.;

75. Maremont Corporation;

76. Mazda Motor of America, Inc.;

77. McCord Corporation, individually and as successor in interest to A.E. Clevite, Inc. and J.P. Industries, Inc.;

78. Metropolitan Life Insurance Company;

79. Mitsubishi Motors North America, Inc.;

80. Morton International, Inc.;

81. NAPA Auto Parts, LLC;

82. National Gypsum Company;

83. National Service Industries, Inc.;

84. Navistar Int'l Transportation Corp. f/k/a International Harvester;

85. Nissan North America, Inc.;

86. Oshkosh Truck Corp.;

87. Owens Corning Corporation;

88. Owens-Illinois, Inc. f/k/a Owens Bottle Machine Corp. f/k/a Owens Bottle Co. f/k/a Owens-Illinois Glass Co.;

89. Oshkosh Truck Corp.;

90. Paccar, Inc., individually and through it divisions Kenworth Trucks and Peterbilt Motors;

91. Pfizer, Inc.;

92 Pittsburgh Corning Corporation;

93. Pneumo Abex Corporation, individually and as successor to Abex Corporation;

94. Proko Industries, Inc.;

95. Quigley Co., Inc.;

96. Riley-Stoker;

97. R&M Manufacturing Company;

98. Rapid-American Corporation f/k/a Glen Alden Corporation;

99. Rechtien International Trucks, Inc.;

100. SEPCO Corporation;

101. Shook and Fletcher;

102. Steel Grip, Inc., f/k/a Industrial Gloves Co., f/k/a Steel Grip Safety Apparel Co.;

103. Stradley Auto Parts;

104. The Anchor Packing Company, Inc.;

105. Toyota Motor North America, Inc.;

106. U.S. Mineral;

107. U.S. Gypsum Company;

108. Unarco, Inc.;

109. Universal Refractories, Inc.

110. Union Carbide Chemicals & Plastics f/k/a Union Carbide and Carbon Co. f/k/a Union Carbide Corp.;

111. Uniroyal, Inc.;

112. Volkswagen of America, Inc.;

113. W.R. Grace & Company;

114. Weil-Mclain Company, Inc.;

115. Wheeling Brake Block Manufacturing Co., Inc;

116. Worthington Corporation; and/or

117.   Zurn Industries, Inc.

Freightliner reserves the right to supplement or add to this list in the future.

### NINETEENTH AFFIRMATIVE DEFENSE

19.   Plaintiff's claims are barred by express assumption of risk in that Plaintiff knew of the existence of the danger complained of in the Amended Complaint, realized and appreciated the possibility of injury as a result of the danger and, having a reasonable opportunity to avoid it, voluntarily exposed himself to the danger.

### TWENTIETH AFFIRMATIVE DEFENSE

20.   Plaintiff's claims are barred in that the product in question was substantially altered after it left the possession, custody or control of the manufacturer and, on the date of the alleged injury, said product was not in substantially the same condition as it was at the time it left the possession, custody or control of the manufacturer.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.   Plaintiff cannot recover against Freightliner upon any claim asserted because there was no causal relationship between the actions of Freightliner and the alleged defective condition of the products referred to in the Compliant, and Freightliner committed no acts or omissions which proximately caused any of the damages alleged by the Plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.   Plaintiff cannot recover against Freightliner on any claim asserted

because Plaintiff's alleged damages were proximately caused by misuse, abuse, modification, alteration or other acts or omissions of Plaintiff or others with regard to the product in question.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Plaintiff cannot recover against Freightliner due to intervening causes, on any claim asserted based on any alleged negligence on the part of Freightliner or any alleged defect in the product in question, because neither Freightliner nor any conduct or product of Freightliner was the proximate cause of the Plaintiff's alleged injuries.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. The products in question were not dangerous when used in a reasonable and foreseeable manner and for their intended use.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. The products in question met or exceeded all applicable codes or regulations at the time of manufacture and sale or distribution.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. To the extent the Amended Complaint seeks recovery for breach of warranty, it should be dismissed due to Plaintiff's failure to allege the necessary privity.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. The delay in commencing this action has resulted in prejudice to Freightliner and, accordingly, the equitable defense of laches bars Plaintiff's claims.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. As a result of the inability of Plaintiff to identify any products Freightliner manufactured or sold, which allegedly caused injury to Plaintiff, the Amended Complaint fails to state a claim upon which relief can be granted since, if such relief were granted, it would deprive Freightliner of its constitutional rights to substantive and procedural due process of law and equal protection under the law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I of the Florida Constitution.

TWENTY-NINTH AFFIRMATIVE DEFENSE

29. As a result of the inability of Plaintiff to identify any products Freightliner manufactured or sold, which allegedly caused injury to Plaintiff, the Amended Complaint fails to state a claim upon which relief can be granted since, if such relief were granted, such relief would constitute a taking of private property for public use, without just compensation. Such a taking would contravene the constitutional rights of Freightliner as preserved for it by the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I of the Florida Constitution.

THIRTIETH AFFIRMATIVE DEFENSE

30. Any exposure that Plaintiff claims to Freightliner's products or equipment, which exposure is vigorously denied, was so minimal as to be insufficient to establish a reasonable degree of probability that any of Freightliner's products or equipment substantially contribute to Plaintiff's alleged injuries.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31. To the extent Plaintiff's Amended Complaint is deemed to allege liability for punitive damages or seeks to proffer punitive damages, Freightliner asserts that Plaintiff's claim for punitive damages is unconstitutional and in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States in that it deprives Freightliner of property without due process of law; further, the claim for punitive damages is violative of the Fourteenth Amendment to the Constitution of the United States concerning equal protection. Any award or claim for punitive damages is further violative of the procedural safeguards of the Sixth and Eighth Amendments to the Constitution as punitive damages are penal in nature and Freightliner is entitled to the safeguards afforded pursuant to the Sixth and Eighth Amendments. Any claim for punitive damages is also violative of the similar provisions contained in §§2, 9,16, and 17 of Article I of the Constitution of the State of Florida.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32. Freightliner contends that the Amended Complaint is subject to dismissal on grounds of *forum non conveniens*.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33. To the extent Plaintiff's Amended Complaint seeks recovery of punitive damages, Plaintiff fails to state a claim upon which relief may be granted.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34. To the extent Plaintiff's Amended Complaint and the alleged causes of

action pled therein are based upon a failure to identify Freightliner as the manufacturer or seller in fact of any injury-causing products, or upon a failure to identify any product manufactured or sold by Freightliner as the cause in fact of any injuries to the Plaintiff, said Amended Complaint fails to state a claim upon which relief can be granted, inasmuch as such claims, if granted, would constitute an invalid burden by this Court on interstate commerce, and a burden without resort to less burdensome alternatives, in violation of the Commerce Clause, Article I, §8, of the Constitution of the United States.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35. If it is determined that Plaintiff was exposed to any of Freightliner's products which contained products or components acquired from, sold by or sued on behalf of the United States of America, the State of Florida or any other state, then Freightliner is entitled to any sovereign or governmental immunity available to the United States or to the State of Florida or such other state.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36. If Plaintiff sustained any injuries or damages as alleged in the Amended Complaint, all of which Freightliner specifically denies, then such injuries and damages were caused or contributed to by reason of the negligence of said Plaintiff, by reason of, but not limited to, said Plaintiff's failure to wear a respirator, engage in safe work practices or to protect himself adequately from risk or harm.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37. If Plaintiff sustained any injury or damages as alleged, which is

denied, the same resulted, upon information and belief, form Plaintiff's own negligence in failing to care for his own health by using tobacco products and said negligence is the sole, direct and proximate cause or contributing cause of the alleged injury or damage, if any, about which Plaintiff complains.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.    Freightliner asserts and relies upon all prior orders of the Court dismissing and/or striking claims in asbestos personal injury cases comparable to similar to claims alleged the Amended Complaint.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

39.    All allegations in the Amended Complaint that do not refer or relate to Freightliner should be stricken against this Defendant.

## FORTIETH AFFIRMATIVE DEFENSE

40.    Freightliner contends that if Plaintiff has released, settled, entered into an accord and satisfaction, or otherwise compromised his claims herein, then accordingly, said claims are barred.

## FORTY-FIRST AFFIRMATIVE DEFENSE

41.    Damages, if any, should be apportioned and the Court should enter judgment against each party (whether a party to this litigation or not) on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability.

Because of the generality of the allegations in the Amended Complaint, Freightliner reserves the right to amend its Answer and Affirmative Defenses if

investigation, discovery and further information should warrant such amendment, and, further, to assert any applicable matters of law during the pendency of this action.

WHEREFORE, Defendant Freightliner Corporation requests that the Court enter judgment in its favor and against Plaintiff, together with such other and further relief as the Court may deem just and proper.

### CERTIFICATE OF SERVICE

We hereby certify that on February 10, 2005, a true and complete copy of the foregoing motion was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record on the attached Service List.

    /s    Jeffrey M. Bell
Jeffrey M. Bell, Fla. Bar No.: 374539
Timothy J. Ferguson, Fla. Bar No.: 166642
BELL & MELAMED, LLC
**Attorneys for Freightliner Corporation**
Spectrum Building I
4901 N.W. 17th Way, Suite 302
Ft. Lauderdale, FL 33309
T: 954/489-2331; F: 954/489-2332
E-mail: jbell@bellmelamedlaw.com